IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER COOLEY,

    Plaintiff,

v.                                                                              CIV 15-0695 WJ/KBM

T-MOBILE USA, INC.,
DESIREE CLARK, AJA WOOD,
MICHELLE ARMIJO, BILLY COHN,
LARISSA JOHNSON, and CRAIG ALTER,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte* following the telephonic status conference held in this matter on today's date at 2:00 p.m. Attorney Thomas L. Stahl appeared on behalf of Defendants. Plaintiff Peter Cooley, *pro se*, did not appear. The record reflects that the Court's Order vacating a previous status conference and resetting it for May 16, 2016, was mailed to Plaintiff at his address of record, 928 Pueblo Solano, NW, Los Ranchos, New Mexico 87107. *See Doc. 40*. Although the Court attempted to reach Plaintiff at his phone number of record, it was unable to do so.

Previously, this Court set a Rule 16 Initial Scheduling Conference for January 5, 2016. *Doc. 29*. Plaintiff, however, was unable to participate in that conference as scheduled, and the Court vacated the conference for good cause shown and ordered the parties to submit a status report by March 1, 2016. *Doc. 36*. Thereafter, the Court held a status conference on February 29, 2016, to

discuss when it would be practicable for the parties to proceed to discovery. *Doc. 38.* After discussing the matter with Plaintiff and counsel for Defendants, the Court stayed the case until further order and directed the parties to confer regarding the feasibility of and the projected timeline for proceeding to discovery. *Id.* The Court then set a follow-up telephonic status conference for today's date, which Plaintiff failed to attend.

While the Court is ordinarily inclined to simply reschedule a status conference when counsel or *pro se* parties fail to appear, here, the Court notes that this matter has been pending before the Court for over nine months without the issuance of a Scheduling Order. Plaintiff's failure to appear at this most recent status conference, coupled with the prolonged period during which he has been unable to participate in pretrial matters, suggests that he may, in fact, be unable to prosecute this case.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States*, 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir.

2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

**IT IS THEREFORE ORDERED** that Plaintiff must show cause, in a written document to be filed with the Court no later than **Thursday, May 26, 2016,** why this case should not be dismissed for failure to prosecute. If it is Plaintiff's intention to resume prosecution of this case, he should offer projections as to when his health will allow him to participate in discovery and other pretrial matters. Plaintiff is hereby given notice that failure to respond to this Order and/or the failure to appear for Court-ordered hearings, including telephonic conferences, may result in sanctions up to and including dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE