IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER COOLEY,

    Plaintiff,

v.                                                                                 CIV 15-0695 WJ/KBM

T-MOBILE USA, INC.,
DESIREE CLARK, AJA WOOD,
MICHELLE ARMIJO, BILLY COHN,
LARISSA JOHNSON, and CRAIG ALTER,

    Defendants.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on its Order to Show Cause (*Doc. 41*) issued May 16, 2016. A written show-cause response was due from *pro se* Plaintiff Peter Cooley by May 26, 2016. To date, he has not responded in any manner. For the reasons set forth below, the Court recommends that this matter be dismissed without prejudice for failure to prosecute.

Plaintiff initiated this case against Defendants on August 7, 2015. *Doc. 1*. After Plaintiff filed an Amended Complaint and Defendants answered, the Court set its Rule 16 Initial Scheduling Conference for January 5, 2016. *Doc. 29*. Defense counsel notified the Court in advance of that conference that he had been apprised that a medical issue would prevent Plaintiff from participating in the conference as scheduled. Accordingly, the Court vacated the conference for good cause and ordered the parties to submit a status report by March 1, 2016. *Doc. 36*. On February 29, 2016, the Court

1

held a status conference at the request of the parties to explore when it might be practicable for Plaintiff, who was appearing *pro se* and experiencing ongoing medical complications, to participate in discovery. *Doc. 38*. Counsel for Defendants, though sympathetic to Plaintiff's predicament, expressed concern that Defendants may be prejudiced if Plaintiff remained unable to participate in discovery or to prosecute his case. The Court ultimately stayed the case until further order of the Court but directed the parties to confer regarding the feasibility of and the projected timeline for proceeding to discovery. *Id.*

The Court held a follow-up status conference on May 16, 2016, which Plaintiff failed to attend. *Doc. 41*. Plaintiff's failure to appear at the May 16, 2016 status conference, coupled with the prolonged period during which he was unable to participate in pretrial matters, led to the Court to issue an Order to Show Cause on May 16, 2016. *See id*. This Order directed Plaintiff to show cause in a written document to be filed with the Court no later than May 26, 2016, why the case should not be dismissed for failure to prosecute. *Id*. He failed altogether to respond.

In the spirit of liberally construing the submissions of a *pro se* litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), this Court must consider whether a sanction short of dismissal might be appropriate here. As such, the Court considers the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 2013), which include:

> (1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant[;] (4) whether the court warned the party in advance [as to the] sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 921 (internal citation omitted).

First, the Court finds that the prejudice to Defendants caused by Plaintiff's failure to prosecute his case has been significant. Indeed, Defendants have been precluded from even conducting the discovery necessary to defend against Plaintiff's claims, which were filed nearly a year ago. In short, Plaintiff's inability to participate in the litigation of this case for nearly eight months, save his telephonic attendance at one status conference, has caused significant delay in bringing this case to a resolution. As such, this factor weighs in favor of dismissal.

Second, the judicial process has been and will continue to be stymied if Plaintiff is unable or unwilling to prosecute his claims. Significantly, Plaintiff has not provided, as directed by the Court in its Order to Show Cause, any projection as to when his health might be restored to the extent that he will be able to participate in discovery or other pretrial matters. Nor has he responded to the Court's Order to Show Cause, which was issued nearly two months ago. Plaintiff's failure to communicate with the Court or to heed its orders has left this case at a complete standstill.  Maintaining this case on its docket, without any progress toward resolution or any estimate as to when active litigation may resume, threatens inefficiencies in the Court's use of its own time. This factor, too, weighs in favor of dismissal.

Because it appears that much of the delay in this case was the result of Plaintiff's unfortunate and sudden health condition, the Court cannot find that the third factor – culpability of the litigant – weighs significantly in favor of dismissal. Even so, Plaintiff no doubt shoulders *some* responsibility for his failure to apprise the Court as to when he anticipates being in a position to resume prosecution of his case.

Fourth, this Court has previously warned Plaintiff, at status conferences and, most recently, in its Order to Show Cause, that his failure to comply with procedural rules and Court orders could result in dismissal. *See, e.g., Doc. 41,* at 3. ("Plaintiff is hereby given notice that failure to respond to this Order and/or the failure to appear for Court-ordered hearings, including telephonic conferences, may result in sanctions up to and including dismissal of this action for failure to prosecute."). The Notice of Electronic Filing for the Order to Show Cause indicates that it was mailed to Plaintiff at his address of record, and the Court has no reason to believe that he failed to receive it. Indeed, Plaintiff previously assured the Court that he continues to receive mail delivered to this address. Thus, the Court's previous warnings to Plaintiff weigh in favor of dismissal.

Finally, as to the efficacy of lesser sanctions, the Court is unable to fashion a sanction short of dismissal that it expects would assure Plaintiff's participation in this litigation. Rather, it seems that Plaintiff may have abandoned his claims against Defendants in favor of addressing his more pressing medical condition. The Court has no reason to believe that some lesser sanction would cause Plaintiff to re-prioritize.

In short, although the Court is sympathetic to Plaintiff's medical condition, it must also take into consideration Defendants' interest in having this matter resolved as well as the Court's reluctance to maintain cases on its docket without any progress toward resolution. Despite the Court's strong predisposition to resolving cases on the merits, the *Ehrenhaus* factors, on balance, weigh in favor of dismissal.

For all of these reasons, the Court concludes that this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).
Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims be dismissed without prejudice for lack of prosecution.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE